**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

United States of America

v.

Grant Michallyszyn

1:18-cr-00210-PB

**DEFENDANT'S SENTENCING MEMORANDUM**

Mr. Michallyszyn has pleaded guilty to Counts Two and Three of the Indictment which charge him with Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). The United States has agreed to move to dismiss Count One when the defendant is sentenced.

After all guideline adjustments, Mr. Michallyszyn's Total Offense Level is 25. Applying a Criminal History Category of IV yields an advisory Guideline Sentencing Range (GSR) of 84 - 105 months. The 18 U.S.C. § 924(c) conviction mandates a consecutive 5-year sentence. Thus, the effective GSR is 144 – 165 months. Mr. Michallyszyn, who was arrested for this offense on October 24, 2018, has been in state custody at the New Hampshire State Prison on a parole violation for this conduct since that date. He will thus not begin his federal sentence until he is finished serving his parole set back, which may be suspended upon the filing of a federal detainer. The suspension of the parole set back is at the discretion of the Parole Board.

In this instance the sentencing guidelines accurately capture the nature of the harm and reflect appropriate consideration of Mr. Michallyszyn's criminal history. Mr. Michallyszyn files this Memorandum in support of his request that the Court sentence him to the bottom end of the GSR, 144 months.

As this Court is well aware, the goal of sentencing is to create a sentence that is, "sufficient, but not greater than necessary" to serve the purposes as set forth in 18 U.S.C. § 3553(a). The key determination in this sentencing is how long Mr. Michallyszyn must be imprisoned for his conduct. The factors that the Court must review are those listed in 18 U.S.C. §3553(a). Those factors include, *inter alia*:

    (1) The nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) The need for the sentence imposed:

        (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) To afford adequate deterrence to criminal conduct;

        (C) To protect the public from further crimes of the defendant; and

        (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The First Circuit Court of Appeals has recognized that the principles of §3553(a) require that "a sentence shall be no higher than needed to meet the statutory goals." United States v. Scherrer, 444 F.3d 91, 95 (1st Cir. 2006),

cert. denied 549 U.S. 1118 (2007).  Here, a sentence of 144 months with 3 years of supervised release constitutes an appropriate sentence.

The history and characteristics of Mr. Michallyszyn support this sentence request.  As one can see in ¶48 of the Presentence Investigation Report (PSR), Mr. Michallyszyn does not have a strong connection to his family.  He reports no relationship with his father and is not speaking with his mother.  He knows very little about his brother's current situation.  His mother relates that, while she loves her son, it is a "difficult situation".  She confirms that the defendant's relationship with his father was "very bad".  ¶49.

Growing up in a family environment with apparently no emotional support or mentorship surely contributed to the poor judgment Mr. Michallyszyn exercised as an adolescent.  The events which led to his criminal history occurred when he was 16 and 17 years old.  It is unfortunate that Mr. Michallyszyn was certified as an adult as a result of these charges rather than being allowed to continue in the juvenile system.  Had he been treated as a juvenile, more services would have been provided and he may have developed skills that would have helped him make better choices as he matured.  Instead, he served a 3 – 7 year sentence at the New Hampshire State Prison.

Of the factors set forth in §3553(a)(2), subsections (A) and (B) support the requested sentence.  A 12-year sentence reflects the seriousness of the charged offenses and will promote respect for the law.  The sentence will also provide deterrence, specifically to Mr. Michallyszyn as well as to the general public.  Additionally, subsections (C) and (D) of §3553(a)(2) support Mr. Michallyszyn's requested sentence. Being actually incarcerated for 12 years, followed by 3

years of supervised release, ensures the public safety by placing Mr.

Michallyszyn under Government supervision for 15 years. Mr. Michallyszyn will

also have the opportunity to take advantage of educational and vocational

training.

WHEREFORE, the accused respectfully requests that this Court sentence

him to 144 months imprisonment and 3 years of supervised release.

Respectfully submitted,

*/s/ John P. Newman*
John P. Newman, Esq.
NHBA No.:  8820
Newman Law Office, PLLC
15 High Street
Manchester, NH 03101
(603) 935-5603
john@newmanlawnh.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum has been
forwarded by electronic mail through the ECF system on June 7, 2019 to Anna
Z. Krasinski, Esq.

*/s/ John P. Newman*
John P. Newman