UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>GRANT MICHALLYSZYN,<br><br>    Defendant. | No. 1:18-cr-00210-PB |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by Scott W. Murray, United States Attorney for the District of New Hampshire, and Anna Z. Krasinski, Assistant U.S. Attorney, respectfully submits this memorandum in connection with the sentencing of Grant Michallyszyn ("Defendant"), scheduled for June 17, 2019.

### I.   STATEMENT OF THE CASE

On December 12, 2018, a federal grand jury returned an indictment charging Defendant with the unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One), possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three). On March 8, 2019, Defendant pled guilty to Counts Two and Three of the Indictment. The United States adopts the statement of facts as set forth in paragraphs 9-17 of the Presentence Report. In sum, Defendant has been involved in drug trafficking of cocaine, methamphetamine, Suboxone, and other drugs for a significant period of time. His drug trafficking includes smuggling drugs into the New Hampshire State Prison and receiving large quantities of methamphetamine in the mail. On October 24, 2018, a search of Defendant's hotel room yielded, among other things, fentanyl, Suboxone, methamphetamine,

two loaded firearms, cash, and other indicia of drug distribution. Defendant was legally prohibited from possessing the two loaded firearms by virtue of prior felony convictions.

## II.     DISCUSSION

**A.     Applicable Sentencing Guideline Range**

The United States agrees with the sentencing guideline calculations set forth in the Presentence Investigation Report. Defendant's relevant conduct for Count Two involves a converted drug weight of 545.52 kilograms, and a base offense level of 26. With a two-level enhancement because the object of the offense was the distribution of a controlled substance in a prison, and a three-level reduction for timely acceptance of responsibility, the total offense level for Count Two is 25. With a criminal history category of IV, the guideline range for Count Two is 84-105 months of imprisonment. The guideline range for Count Three is 60 months of imprisonment, consecutive to the term of imprisonment imposed on Count Two.

**B.     18 U.S.C. § 3553(a)**

In determining the particular sentence to be imposed, "shall consider":

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed—

    (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)     to afford adequate deterrence to criminal conduct;

    (C)     to protect the public from further crimes of the defendant; and

    (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];

(5)  any pertinent policy statement [of the Sentencing Commission];

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

As set forth below, the United States submits that a sentence of 84 months of imprisonment on Count Two, and 60 months of imprisonment on Count Three, for a total sentence of 144 months of imprisonment, is justified under the Section 3553(a) factors.

### 1. Nature and Circumstances of the Offense

This offense was serious—Defendant possessed two loaded firearms along with drugs that he intended to distribute. Defendant possessed these firearms despite being legally prohibited from doing so. The combination of drugs and guns crates an inherently dangerous situation.

### 2. History and Characteristics of Defendant

Despite his young age, Defendant has amassed a serious criminal record including drug distribution offenses and a sexual assault conviction. Defendant does not shy away from threatening violence. For example, in interactions with law enforcement in 2013, Defendant stated that he would shoot someone if he was pulled over and caught transporting heroin. PSR ¶ 13. Defendant's previous interactions with law enforcement did not serve to deter him from continuing to engage in drug trafficking and from unlawfully possessing firearms in connection with drugs.

### 3. Other 3553(a) Considerations

A lengthy custodial sentence will satisfy 18 U.S.C. § 3553(a)(2) by promoting respect for the law and deterring others from engaging in drug trafficking and possessing firearms in conjunction with drug trafficking. It will also take Defendant off the street so that he cannot continue to harm the public by distributing drugs and unlawfully possessing firearms in conjunction with his drug activity. It may also provide Defendant an opportunity to receive appropriate drug treatment and to develop skills that could lead to legitimate employment upon his release.

## III. CONCLUSION

For the reasons stated above, the United States respectfully recommends that the Court impose a sentence of 144 months of imprisonment—84 months on Count Two and 60 months on Count Three.

Dated:   June 7, 2019

Respectfully submitted,

SCOTT W. MURRAY
United States Attorney

By: */s/ Anna Z. Krasinski*
Anna Z. Krasinski
Assistant U.S. Attorney
W.V. Bar # 12762
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552
anna.krasinski@usdoj.gov